UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELIZABETH S. MOON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:22-CV-11814-AK |
| INSTANT BRANDS LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**A. KELLEY, D.J.**

Plaintiff Elizabeth S. Moon filed this action in the Essex County Superior Court against Defendant Instant Brands, LLC ("Instant Brands") following an incident that occurred in her kitchen where she claims Instant Brands' product spontaneously broke apart causing injury to her hand. [See Dkt. 1-1; Dkt. 1 at ¶¶ 1, 2]. Instant Brands removed the case into federal court based on diversity jurisdiction. [Dkt. 1]. Instant Brands now seeks to dismiss Moon's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6); [Dkt. 10]. For the following reasons, Instant Brands' motion to dismiss [Dkt. 10] is **DENIED WITH PREJUDICE IN PART** and **DENIED WITHOUT PREJUDICE IN PART** and Moon's motion to amend [Dkt. 17] is **GRANTED**.

**I.      BACKGROUND**

The following summary is based on the facts as alleged in Moon's complaint. [Dkt. 1-1 ("Compl.")].

Plaintiff Elizabeth S. Moon is a Massachusetts resident living in Boxford. [Id. at ¶ 1]. Defendant Instant Brands is a company with headquarters in Downers Grove, Illinois. [Id. at

1

¶ 2]. While in the kitchen at her home on July 13, 2019, at approximately 6:30 PM, Moon was "properly and normally" holding a Pyrex baking tray made by Instant Brands. [Id. at ¶ 3]. While Moon had the dish in her hands, the dish "spontaneously broke apart into two main portions, and a third smaller portion." [Id. at ¶ 4]. This sudden break "result[ed] in sharp edges of the broken glass coming into contact with, and lacerating, fingers on [Moon's] left hand, and severing the nerve in [her] left ring finger." [Id.]. Moon now suffers from numbness, the sensation of "pins and needles," swelling, unusual pain in cold weather, and lack of full motion in her left ring finger. [Id. at ¶ 5]. She also suffers from gripping weakness in her left hand. [Id.].

Moon has alleged that she had "a reasonable expectation that the product would remain intact and whole, as opposed to spontaneously breaking apart," and that Instant Brands owed her "a duty to manufacture a product that would not spontaneously break apart under normal handling and use" and that they had "a duty to warn users of this hazard by product labeling, by public notice, and/or by recall of the product." [Id. at ¶ 6, 7]. She seeks compensatory damages "for the permanent injuries, pain, and suffering" she endured as a result of the failure "of the Defendant's product to meet normal expectations during normal handling and usage, and the failure of the Defendant to provide adequate warning." [Id. at ¶ 7]. Specifically, she is requesting $156,253.88, which represents $6,253.88 in expenses from hospital expenses, doctor expenses, and physical therapy as well as $150,000 in compensatory damages for the permanent injuries to her hand. [Dkt. 1-2].

Moon first filed this action in Essex County Superior Court on July 12, 2022, which Instant Brands then removed to the U.S. District Court for the District of Massachusetts on diversity jurisdiction. [Dkt. 1]. Instant Brands moved to dismiss Moon's action for failure to

state a claim pursuant to Rule 12(b)(6).  [Dkt. 10].  Moon opposes dismissal and claims that she has alleged sufficient facts for the Court to deny a motion to dismiss, but, in the alternative, she asks the court for leave to amend the complaint to correct any deficiencies in her pleadings. [Dkt. 17].

**II.      LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements.  Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit.  Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief."

Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp., 550 U.S. at 559).

Pro se complaints "however, inartfully pleaded" are nonetheless to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## III. DISCUSSION

In determining the applicable substantive law in a case under diversity jurisdiction, federal courts apply the choice-of-law principles of the forum state. Levin v. Dalva Bros., 459 F.3d 68, 73 (1st Cir. 2006) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), then citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). "Under Massachusetts choice of law rules, tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action." Dunfey v. Roger Williams Univ., 824 F. Supp. 18, 21 (D. Mass. 1993) (citing Alves v. Siegel's Broadway Auto Parts, Inc., 710 F. Supp. 864, 869-871 (D. Mass. 1989)); see also Cohen v. McDonnell Douglas Corp., 450 N.E.2d 581, 585 (Mass. 1983). Here, the injury occurred in the kitchen of Moon's home in Boxford, Massachusetts, [Compl. at ¶¶ 1, 3], and neither party claims another state has a more significant relationship to the cause of action. [See Dkt. 11 at 3; Dkt. 17]. Thus, in deciding the substantive law issues of Moon's products liability claims, Massachusetts law applies.

In Massachusetts, products liability is divided between negligence and implied warranty of merchantability. However, for the purposes of this motion, the two modes of recovery for products liability are nearly congruent.[1] See Hunt v. Covidien LP, No. 22-CV-10697, 2022 WL

---

[1] The main deviation between negligence and the implied warranty of merchantability is that Massachusetts law does not recognize strict liability in tort while warranty liability is a "remedy intended to be fully as comprehensive

4

3566834, at *3 (D. Mass. Aug. 18, 2022) (stating that where plaintiff satisfied her burden to prove warranty liability, she had met her burden to prove products liability under a negligence theory); Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 26 (1st Cir. 2004) ("In most substantive respects (e.g., unreasonably dangerous design, reasonably foreseeable dangers, alternative design feasibility), the negligence and warranty inquiries are congruent" (citing Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 15-16 (1st Cir. 2001), then citing Back v. Wickes Corp., 378 N.E.2d 964, 970 (Mass. 1978)).

"A seller breaches its warranty obligation when a product that is 'defective and unreasonably dangerous'. . . for the '[o]rdinary purposes' for which it is 'fit' causes injury." Haglund v. Philip Morris, Inc., 847 N.E.2d 315 (Mass. 2006) (quoting Colter v. Barber-Greene Co., 525 N.E.2d 1305 (Mass. 1988)). To prove the product at issue is defective, the plaintiff must show that "(1) the defendant produced or sold a defective product and (2) the product caused the plaintiff's injury." Burnham v. Wyeth Lab'ys Inc., 348 F. Supp. 3d 109, 111-12 (D. Mass. 2018) (quoting Fertik v. William Stevenson, M.D., 186 F.Supp.3d 98, 101-02 (D. Mass 2016)). There are three principal theories of products liability: a manufacturing defect, a design defect, or a warning defect. Evans v. Lorillard Tobacco Co., 990 N.E.2d 997, 1010 (Mass. 2013) (citing Restatement (Third) of Torts: Products Liability § 2, at 14 (1998)). Instant Brands claims that Moon has failed to allege a plausible case under any of these theories. [Dkt. 11 at 4]. The Court will address each of these theories of liability and Instant Brands' respective arguments for dismissal in turn.

---

as the strict liability theory of recovery that has been adopted by a great many other jurisdictions." Back v. Wickes Corp., 378 N.E.2d 964, 968 (Mass. 1978); see also Mass. Gen. Laws ch. 106, § 2-318; Swartz v. Gen. Motors Corp., 378 N.E.2d 61, 62 (Mass. 1978); Jackson v. Johnson & Johnson & Janssen Pharm., Inc., 330 F. Supp. 3d 616, 626 (D. Mass. 2018) ("Massachusetts law on products liability derives from the law on implied warranties' and as such '[t]here is no separate doctrine of strict products liability'" (alteration in original) (quoting Mavilia v. Stoeer Indus., 574 F. Supp. 107, 109 (D. Mass. 1983)).

### A.     Manufacturing Defect

A manufacturing defect is "deviation from the design [that] rendered the product unreasonably dangerous and therefore unfit for its ordinary purposes." Burnham, 348 F. Supp. 3d at 112 (quoting Back, 378 N.E.2d at 970). Instant Brands contends that Moon failed to allege "(i) that the subject dish did not conform it its intended design; (ii) how the subject dish deviated from other units from the same product line; or (iii) how a nonconformity caused her alleged injuries." [Dkt. 11 at 5].

Moon has alleged sufficient facts to support her claim that the product was defective. In the complaint, Moon alleges Instant Brands' product, a Pyrex glass baking dish, "spontaneously broke apart. . . resulting in sharp edges of the broken glass." [Compl. at ¶ 4]. Further, Moon states exactly how the dish was expected to perform; that is "that the product would remain intact and whole, as opposed to spontaneously breaking apart. . . during normal handling and usage." [Id. at ¶ 7]. A reasonable inference may be drawn that a glass baking dish is not intended to spontaneously break apart in such a way that the user could be injured under normal handling, and it is reasonable to believe that a baking dish that did not meet that expectation would be a deviation from the intended design. Cf. Beaty v. Ford Motor Co., 854 F. App'x 845, 847, 849-50 (9th Cir. 2021) (reversing dismissal on summary judgement in products liability suit where the vehicles' sunroof "suddenly shattered for no apparent reason" arguing that "a reasonable juror could find that even a small risk that [the product] might explode without warning is a material fact").

Moon has also sufficiently alleged that the defect caused her injuries. In the complaint, Moon states how the products failure "to meet normal expectations during normal handling and usage" resulted in "sharp edges of the broken glass coming into contact with, and lacerating,

6

fingers on [Moon's] left hand, and severing the nerve in [her] left ring finger." [Id. at ¶¶ 4, 7]. At the motion to dismiss stage of litigation, a plaintiff need not describe the exact mechanism by which the product failed to meet the consumer's reasonable expectations which resulted in their injury.  See Hunt, 2022 WL 3566834, at *2 (finding plaintiff had properly pleaded manufacturing defect by alleging that the manufacture of staple handle deviated from its original design by failing to properly seal off sections of plaintiff's stomach without providing further detail as to how the staple handle failed).  Moon has sufficiently alleged how the nonconformity of the product resulted in her injury.  Because Moon has alleged facts sufficient to state a claim for manufacturing defect, Instant Brand's motion to dismiss is denied with respect to manufacturing defect.

### B.      Design Defect

In order to sufficiently state a claim for design defect, a plaintiff must show that the device was defectively designed and that the defective design was the cause of their injury. Coonan v. Ethicon, Inc., No. CV 4:21-10310-TSH, 2021 WL 5111867, at *3 (D. Mass. Nov. 3, 2021) (citing Evans, 990 N.E.2d at 1024).  To do this, the plaintiff must show that a safer alternative design exists which, if implemented, would have reduced or prevented the harm they suffered.  Coonan, 2021 WL 5111867, at *3; Hunt, 2022 WL 3566834, at *2 (citing Evans, 990 N.E.2d at 1020-21, 1024).

Instant Brands argues that Moon fails to allege a design defect claim because she does not argue that there was a safer feasible alternative design she does not define with sufficient specificity the defect in design which caused her accident.  [Dkt. 11 at 7].  The Court agrees.  In the complaint, Moon states that Instant Brands had "a duty to manufacture a product that would not spontaneously break apart under normal handling and use." [Compl. at ¶ 6].  She does not

7

define with specific detail what aspect of the product's design left it unreasonably dangerous. [See id.]. She does not allege how that unreasonably dangerous design led to her injury. [See id.]. She does not provide an alternative design. [See id.]. Finally, she does not discuss how that alternative design would have reduced or prevented her injuries. [See id.]. Allegations supporting this theory are necessary to state a claim for design defect. Thus, she has not met her burden to state her claim for design defect.

### C. Warning Defect

A warning defect is a "failure reasonably to warn of the product's foreseeable risk of harm." Evans, 990 N.E.2d at 1010. "A manufacturer has the duty to caution purchasers of its product by way of adequate warnings of foreseeable latent dangers involved in the product's normal and intended use." Fiorentino v. A. E. Staley Mfg. Co., 416 N.E.2d 998, 1002 (Mass App. Ct. 1981). Further, the warning defect "must . . . be the cause of the plaintiff's injury." Arbella Mut. Ins. Co. et al. v. Field Controls, L.L.C. et al., Civ. No. 16-10656-LTS, 2019 WL 1489877, at *6 (D. Mass. Apr. 4, 2019) (citing Restatement (Second) of Torts § 402A (Am. L. Inst. 1965)).

Instant Brands identifies three deficiencies in Moon's pleadings for warning defect. First, Instant Brands argues that "it cannot be said that, but for any alleged failure to warn, [Moon] would not have sustained her claimed injury" because Moon "does not assert that she reviewed and relied upon any warnings or instructions provided by Instant Brands." [Dkt. 11 at 8]. Second, Instant Brands argues Moon does not sufficiently allege "the warnings that were provided by Instant Brands and how they were inadequate." [Dkt. 11 at 8]. Third, Instant Brands argues Moon does not allege Instant Brands "knew or had reason to know of the risk that

the Pyrex dish might 'spontaneously br[eak] apart,'" or, in other words, that the danger posed by the product was foreseeable to Instant Brands.[2]  [Dkt. 11 at 8].

On Instant Brands' first objection as to the sufficiency of the complaint on the grounds that Moon has failed to allege sufficient facts to show causation, the Court disagrees.  Moon alleges that she "expect[ed] that the product would remain intact and whole" and that her damages "directly related to . . . the failure of the Defendant to provide adequate warning," [Id. at ¶ 7], which suggests she was reasonably relying on the product to not break apart based on the information available.  Moon further shows causation by providing the exact steps that Instant Brands could have taken to adequately warn her of this danger "by labeling, by public notice, and/or by recall of the product."  [Id. at ¶ 6].  Based on these assertions in the complaint, the Court can reasonably infer that if Instant Brands used these means to warn her of the potential for the product to spontaneously break apart, she could have handled the product with the caution necessary.

Instant Brands argues in its motion that Moon does not assert in the complaint that "she reviewed and relied upon any warnings or instructions provided by Instant Brands" and that therefore she cannot show that "but for the alleged failure to warn, [Moon] would not have sustained her claimed injury."  [Dkt. 11 at 8].  First, as stated below, it is not clear from the complaint whether there was even a warning label.  [See Compl.].  Second, Moon is not required

---

[2] In addition to the need for the danger posed by the product to be foreseeable, the foreseeability requirement of any warrantee liability claim also requires that the plaintiff's use of the device that led to their injury must be foreseeable.  Cigna Ins. Co., 241 F.3d at 15 ("Manufacturers warrant that their products will be 'fit for the ordinary purposes for which such goods are used,' . . . [which includes the] intended and foreseeable uses of a product" (quoting Back, 378 N.E.2d at 968-69).  Instant Brands does not argue this requirement in its motion to dismiss.  [See Dkt .11].  Nonetheless, the Court is satisfied that Moon's complaint sufficiently alleges facts to meet this element.  Moon alleges at the time of her injury she was "properly and normally holding [the product] in her hands while at home in her kitchen."  [Compl. at ¶ 3].  She restates this twice in the complaint, claiming that "the product was being used normally" and the product "fail[ed] . . . during normal handling and usage."  [Id. at ¶ 7].  In short, Moon has sufficiently shown that her use of the product was foreseeable to Instant Brands even if she has not shown the risk of harm was foreseeable.

9

to state in the complaint that she reviewed or relied upon the warnings (if, in fact, there were warnings) because there is a general presumption that consumers will read and follow warnings provided by manufactures.  See Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10, 15-16 (1st Cir. 2001) (citing Restatement (Second), Torts, § 402A, cmt. j (Am. L. Inst. 1965))); see also DeLellis v. Johnson & Johnson, Civ. A. No. 20-11665-MLW, 2021 WL 3206772, at *8 (D. Mass. July 26, 2021) (finding plaintiff had stated a claim for failure to warn even where they had "not alleged any facts to show that her surgeons would have acted differently had they receive a warning" because "[u]nder Massachusetts law, . . . the trier of fact may infer that a warning, if properly given, would have been followed"); Provanzano v. MTD Products. Co. et al., 215 F. Supp. 3d 134, 138 (D. Mass. 2016) (rejecting defendants' argument that plaintiff could not show legal causation where "plaintiff's expert could not be certain whether different warnings would have changed the outcome and that plaintiff testified that different warnings 'maybe' would have changed his reactions").  Moon has sufficiently alleged her injury is causally attributable to a lack of warning, if in fact there was a lack of warning.

     However, Moon does not allege facts to conclude that Instant Brands failed to warn of the danger or that the danger was foreseeable to Instant Brands.  [See Compl.].  In the complaint, Moon does not state whether there was any warning label at all on the product when she purchased it and, if there was, what dangers that warning label failed to warn her of.  [See id.].  Further, she does not state how those dangers were foreseeable to Instant Brands.  [See id.].  Moon only states that Instant Brands "fail[ed] to provide [her] adequate warning."  [Id. at ¶ 7].  This allegation is too conclusory to convince the Court there was a failure to warn.  See Engren v. Johnson & Johnson, Inc. et al., Civ. A. No. 21-10333-RGS, 2021 WL 4255296, at *3-4 (D. Mass. Sept. 17, 2021) (dismissing failure to warn claims where plaintiff did not "describe or

disclose the content of any instructions or warnings that were given or should have been given by defendants"). Moon has not met her burden to show that the Instant Brands failed to warn of the danger.

Moon's failure to warn claim is deficient because she has not alleged (1) whether there was any warning label, public notice, and/or recall of the product, (2) what the warning was, and (3) why it was nonetheless insufficient. [See Compl.]. Further, Moon does not allege that the danger to her was foreseeable to Instant Brands, such as by showing the risks were reasonably foreseeable at the time of sale or that they could have been discovered by reasonable testing before bringing the product to market, Town of Westport v. Monsanto Co., 877 F.3d 58, 65 (1st Cir. 2017) (citing Vassallo v. Baxter Healthcare Corp., 696 N.E.2d 909, 923 (Mass. 1998)), or by alleging that there was a pattern of this baking dish breaking in this manner that Instant Brands should have been aware of. E.g. Hunt, 2022 WL 3566834, at *3 (finding plaintiff had sufficiently alleged failure to warn where defendant withheld information about nearly 2,800 adverse events relating to the product from public databases); Vassallo, 696 N.E.2d at 920 (finding evidence of complaints made to defendants about substantially similar defects in their product was properly admitted in a failure to warn claim to show defendant was on notice of the defects in the integrity of its products). Thus, Moon has failed to show the warning was defective or that the dangers she faced were foreseeable to Instant Brands.

### D. Moon's Motion to Amend

In her opposition to Instant Brand's motion to dismiss, Moon states that while she "believes that [her] original claim meets the minimum standards required, . . . given particularly that [she] is a pro se [p]laintiff, [she] asks to be allowed to perfect or clarify any claims which [Instant Brands] believes were not well-pleaded." [Dkt. 17]. Under Federal Rule of Civil

Procedure 15(a), a plaintiff may amend their complaint once as a matter of course within 21 days after serving it, or within 21 days after service of a motion under 12(b)(6).  Fed. R. Civ. P. 15(a).  Given Moon served the complaint in July 2022, the window to amend as of right under Rule 15(a)(1)(A) has passed.  Further, Instant Brands filed their motion to dismiss November 23, 2022, which means her 21-day window to amend as of right under Rule 15(a)(1)(B) passed on December 14.

However, under Rule 15(a)(2), a plaintiff may also amend their complaint with the court's leave which "should freely [be] give[n] when justice so requires."  Fed .R. Civ. P. 15(a)(2).  "Leave should be granted unless there is an 'apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Galgana v. Wells Fargo Bank, N.A., Civ. A. No. 17-10924-MLW, 2018 WL 1542055, at *6 (D. Mass. Mar. 29, 2018) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Nothing thus far has indicated bad faith delay on the part of Moon, and this is Moon's first request to amend her complaint.  Further, she is likely to be able to correct the deficiencies in the complaint by providing the Court with additional details about her claims.  Finally, given Moon is proceeding pro se, it is reasonable for the Court to grant her additional latitude to amend.  See Latimore v. Dep't of Correction et al., Civ. A. No. 14-13481-FDS, 2015 WL 13855258, at *3 (D. Mass. Nov. 13, 2015).  Moon's motion to amend will be granted to the extent she wishes to correct deficiencies in the complaint, particularly

related to the facts provided, details about the failure to warn, or about any design defect she wishes to challenge.

## IV.   CONCLUSION

For the foregoing reasons, Instant Brands' motion to dismiss for failure to state a claim [Dkt. 10] is **DENIED WITH PREJUDICE IN PART** and **DENIED WITHOUT PREJUDICE IN PART** and Moon's motion to amend the complaint [Dkt. 17] is **GRANTED**. Specifically, Instant Brand's motion to dismiss [Dkt. 10] is denied with prejudice as to Moon's manufacturing defect claim.  Instant Brand's motion to dismiss [Dkt. 10] is denied without prejudice as to Moon's design defect and failure to warn claims.

Instant Brands may renew its motion after Moon submits her amended complaint.  Moon is to file her motion to amend within 21 days of the issuing of this decision.  Instant Brands is to file their answer within 14 days of being served with the amended complaint, or if Moon fails to file an amended complaint, within 35 days of the issuing of this decision.

　　　　SO ORDERED.

Dated:
April 27, 2023                                                              /s/ Angel Kelley
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Angel Kelley
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge